

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

March 20, 1956

Honorable Jack Fant
County Attorney
El Paso County
El Paso, Texas

Opinion No. S-192

Re: Whether a "Bank-A-Ball"
coin operated amusement
device is a "pool table"
as defined by Article
4668, V.C.S.

Dear Mr. Fant:

You have requested an opinion from this office
asking whether "Bank-A-Ball" coin-operated amusement
devices are "pool tables" within the definition contained
in Article 4668, Vernon's Civil Statutes, and as such would
constitute any place wherein they are operated a "pool hall"
within the prohibition contained in Article 4668, and
subject the operator of such place to prosecution under
Article 653 of Vernon's Penal Code.

Article 4668 reads as follows:

"No person acting for himself or others shall
maintain or operate a pool hall within this State.
The term 'Pool Hall,' as used herein, includes any
room, hall, building or part thereof, tent or en-
closure of any kind similar to those named, or any
inclosed open space, in which are exhibited for
hire, revenue, fees or gain of any kind, or for
advertising purposes of any kind, any pool or bil-
liard table or stand or structure of any kind or
character on which may be played pool or billiards,
or any game similar to pool or billiards played
with balls, cues or pins or any similar device. Any
such table, stand or structure of any kind used or
exhibited in connection with any place where goods,
wares or merchandise or other things of value are
sold or given away or where or upon which any money
or thing of value is paid or exchanged shall be re-
garded as a place where is exhibited the same for
hire, revenue or gain. The habitual, actual, or
contemplated use of any premises, place, room,
building or part thereof or tent, or any kind or
character of enclosure similar to those named, or
any uninclosed open space for the purpose of ex-
hibiting any table, stand or structure of any kind
described in this article may be enjoined at the

suit of either the State or any citizen thereof.
. . . "

"Bank-A-Ball" is a coin-operated game. It is played on an oblong table with cushioned sides, 36 inches wide, 52 inches long, and 32 inches high, with marked balls and cue sticks, the purpose being to sink balls into a cup or hole in the table surface by impelling the balls with cues, in the process of doing which similar shots, such as bank and straight shots which are used in the game of pool, are made.

Webster's New International Dictionary, Second Edition, Unabridged, defines the game of billiards as "any of several games played on an oblong table with balls impelled with a cue."

The case of Clark v. State, 53 S.W.2d 52 (Tex. Crim. 1932), held that a game played with cues and ten balls on a miniature pool table maintained in a drugstore, which was operated through the deposit of a coin, was a game similar to pool or billiards within Article 4668. This case cites as authority Commonwealth v. Nance, 158 Ky. 444, 165 S.W. 423 (1914), wherein the playing surface of the table had holes at one end guarded by pegs.

On the basis of Clark v. State, supra, we do not feel that because the playing table is smaller, or less than fifteen balls are used, or less than six pockets receive the balls, or obstructions are placed upon the playing surface, Bank-A-Ball is not "a game similar to pool or billiards."

It is, therefore, the opinion of this office that the game of "Bank-A-Ball" is, as you have concluded, similar to pool or billiards and comes within the above definition. Any establishment wherein such machines are so exhibited would be a "pool hall."

## SUMMARY

Bank-A-Ball, which is a coin operated game played with cues and marked balls on an oblong table with cushioned sides, the purpose being to sink the balls in holes in the table surface

using shots similar to pool or billiard
shots, is a game similar to pool or
billiards as defined in Article 4668,
V.C.S.

Yours very truly,

APPROVED:

JOHN BEN SHEPPERD
Attorney General

J. Fred Jones
State Affairs Division

William Clark
Assistant

D. S. Meredith, Jr.
Reviewer

Sam O. Kimberlin, Jr.
Reviewer

John Atchison
Reviewer

L. W. Gray
Special Reviewer

Davis Grant
First Assistant

John Ben Shepperd
Attorney General

WC:cs